UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAR 2 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

TERRY DAVIS,　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　)　　Civ. No. 00-2490 (RJL)
　　　　　　　　　　　　　　　　)
FEDERAL BUREAU OF　　　　　　　)
INVESTIGATION, et al.　　　　　)
　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　 )

## MEMORANDUM OPINION
(March 23, 2006) [#61, 109]

Plaintiff, Terry Davis, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for the recovery of information regarding criminal actions pending in the Western District of New York. Currently before the Court are cross-motions for summary judgment. After reviewing the parties' responses to this Court's Orders to Show Cause and upon consideration of the entire record herein, the defendants' motion is GRANTED, and the case is DISMISSED as moot.

### BACKGROUND

This case arises out of several FOIA requests sent by plaintiff to the Federal Bureau of Investigation ("FBI"), the Executive Office for United State Attorneys ("EOUSA"), and other federal agencies for information regarding three criminal actions brought in the Western District of New York, *United States v. Terry Davis* (91cr246-001-C), *United States v. Terry Davis* (92cr157-001-E), and *United States v. Tyrone Stewart* (92cr017-001-S).

(Compl. ¶ 5.) On May 29, 2000, plaintiff sent a FOIA request to the FBI office in Buffalo, New York and the National Archives Records Administration, seeking "chain of custody" records and laboratory reports regarding the three criminal cases that were the subject of the two earlier FOIA requests.[1] (Compl. ¶ 14.) Unhappy with the results, plaintiff filed the current action on October 17, 2000.

On May 29, 2001, the defendants moved for dismissal or in the alternative for summary judgment on the ground that they had already produced all non-exempt documents to which the plaintiff was entitled under FOIA. On May 02, 2003, plaintiff asserted that there were still responsive documents that the agencies had failed to produce and moved for judgment on the defendants' motion. Subsequently, on June 12, 2003, the defendants filed a supplemental affidavit in support of their motion for summary judgment, indicating that they had located and turned over additional chain-of-custody documents. On August 12, 2004, this Court issued an order requiring the plaintiff to show cause why defendants' motion for summary judgment should not be granted. Plaintiff claimed that he still sought a Drug Enforcement Agency ("DEA") Form 7, drug analysis reports, and the corresponding chain-of-custody documents that related to a distribution of cocaine that occurred on January 30, 1992, in the Niagara Falls area by another individual. (*See generally* Pl.'s Mot. in Resp. to Def.'s Mot. Filed on Nov. 22, 2005 at 1-4.)

---

[1] Additional background regarding plaintiff's requests is set forth in this Court's earlier Memorandum Opinion in *Davis v. Fed. Bureau of Investigation*, 355 F.Supp.2d 1 (D.D.C. 2004).

## DISCUSSION

It has generally been held in FOIA cases that "[o]nce the records are produced the substance of the controversy disappears and becomes moot." *Crooker v. U.S. Dep't of State*, 628 F.2d 9, 10 (D.C. Cir. 1980). In order for an agency to demonstrate that the FOIA search for records was adequate, the agency must show "viewing the facts in the light most favorable to the requester . . . . that it has conducted a search reasonably calculated to uncover all relevant documents." *Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (citation and internal quotation marks omitted). Our Circuit has held that the question for the Court is not "whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate*." *Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984) (emphasis in original). The adequacy of the search is judged on a standard of reasonableness that depends upon the facts of each case. *Id.* Indeed, the failure of the Agency to locate the requested documents does not undermine the determination that the search was adequate. *Wilbur v. Cent. Intelligence Agency*, 355 F.3d 675, 678 (D.C. Cir. 2004).

An agency can meet its burden by submitting affidavits or declarations that explain in a reasonably detailed and non-conclusory fashion the scope and method of the agency's search. *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982). Absent contrary evidence, such affidavits or declarations are sufficient to demonstrate the agency's compliance with FOIA as long as the agency has shown that it has made a "good faith effort to conduct a search for

3

the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). It is the adequacy of the search, not the results, that is this Court's focus. *Weisberg*, 745 F.2d at 1485. For the following reasons, the defendants have met their burden in this case.

While it is *unclear* as to whether plaintiff knows for certain whether the documents he seeks exist or is merely speculating that they are in defendants' possession, it is clear – as a result of defendants' search – that the drugs recovered on January 30, 1992 were not processed by the DEA, but instead were processed by state and local law enforcement officials. (Defs.' Supp. Reply to Pl.'s Resp. to Court's Order to Show Cause at 3.) Thus, no DEA Form 7 or related chain of custody documents exist within the defendants' possession. Despite the fact that FOIA imposes no obligation on the federal government to do so, defendants contacted the local law enforcement agency that analyzed the drugs in question and supplied the plaintiff with a copy of the resulting drug analysis report. The Court is convinced that the defendants' search was more than adequate and that they have gone above and beyond what is required by FOIA. All appropriate documents have been made available to plaintiff, and the controversy in this case is now moot. Accordingly, defendants' motion is GRANTED and the case is DISMISSED as moot. An appropriate Order will issue with this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

4